UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:26-cv-04788-AH-(MARx) | Date   May 27, 2026 |
| Title   *Deondre Raglin v. Mariposa Motel L.L.C. et al.* | |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION

Plaintiff Deondre Raglin ("Plaintiff") suffers from paraplegia and is substantially limited in his ability to walk. Compl. ¶ 1, Dkt. No. 1. Defendants are, or were at the time of the incident, the real property owners, business operators, lessors, and/or lessees of the real property for a motel (the "Business") located at or about 518 S Mariposa Ave., Los Angeles, California. *Id.* ¶ 2. While attempting to enter the Business during each visit, Plaintiff personally encountered a number of barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Business. *Id.* ¶ 12.

The Complaint filed in this action asserts: (1) a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; (2) a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51–53, *et seq.*; (3) a claim for damages pursuant to the California Disabled Persons Act, Cal. Civ. Code § 54, *et seq.*; (4) a claim for damages and injunctive relief based on California Health and Safety Code § 19955, *et seq.*; and (5) a claim for damages for negligence. *See generally* Compl. Because the Court possesses only supplemental jurisdiction over the Unruh Act and other state law claims, and in light of California's statutory efforts to curb abuse of such claims, the Court ordered Plaintiff to show cause in

| | | |
|---|---|---|
| Page 1 of 6 | CIVIL MINUTES – GENERAL | Initials of Deputy Clerk YS |

writing why the Court should exercise supplemental jurisdiction over the state law claims asserted in the Complaint. *See* 28 U.S.C. § 1367(c). The Court has reviewed and considered Plaintiff's response. For the reasons stated herein, the Court DECLINES to exercise supplemental jurisdiction over Plaintiff's state law claims and DISMISSES the claims.

## I. DISCUSSION

### A. Supplemental Jurisdiction

In an action over which a district court possesses original jurisdiction, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). District courts have discretion to decline to exercise supplemental jurisdiction if:

(1)   the claim raises a novel or complex issue of State law,

(2)   the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3)   the district court has dismissed all claims over which it has original jurisdiction, or

(4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (internal quotation marks and citation omitted). The Supreme Court has described 28 U.S.C. § 1367(c) as a codification of the principles of "economy, convenience, fairness, and comity" that underlie the Supreme Court's earlier jurisprudence concerning pendent jurisdiction. *See id.* at 172–73 (citation omitted); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a

federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them.  Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." (footnote omitted) (citation omitted)).

The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under" § 1367(c)(1)–(3).  *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998).  When a court declines supplemental jurisdiction under § 1367(c)(4), however, the court must "articulate why the circumstances of the case are exceptional" and "consider what best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Arroyo v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021) (internal quotation marks and citation omitted).  According to the Ninth Circuit, these "inquiries are not particularly burdensome." *Id.* at 1211 (citation omitted).  The "court simply must articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the *Gibbs* values provide[s] compelling reasons for declining jurisdiction in such circumstances." *Id.* (alteration in original) (citation omitted).

## B.    The ADA and Unruh Act

The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  Under the ADA, "[d]amages are not recoverable . . . only injunctive relief is available." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1)).

The Unruh Act provides that all persons in California "are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).  A violation of the ADA constitutes a violation of the Unruh Act. *Id.* § 51(f).  Unlike the ADA, the Unruh Act allows for recovery of monetary damages.  A plaintiff may recover actual damages for each and every offense "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)[.]"

---

*Id.* § 52(a). "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007) (citation omitted).

"In 2012, the California Legislature enacted new provisions to address what it perceived to be abuse of the Unruh Act by a very small number of plaintiffs' attorneys." *Arroyo*, 19 F.4th at 1206 (internal quotation marks and citation omitted). California law sets forth a heightened pleading standard, which requires a plaintiff to include specific facts concerning the plaintiff's claim, including the specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff encountered each barrier or was deterred. *See* Cal. Civ. Proc. Code § 425.50(a). A complaint alleging construction-related accessibility claims like the one in the instant case must be verified, or it is subject to a motion to strike. *Id.* § 425.50(b)(1).

A "high-frequency litigant fee" of $1,000 is also imposed on certain plaintiffs and law firms bringing these claims. *See* Cal. Gov't Code § 70616.5. A "high-frequency litigant" is "[a] plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation" and "[a]n attorney who has represented as attorney of record 10 or more high-frequency litigant plaintiffs in actions that were resolved within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." Cal. Civ. Proc. Code § 425.55(b)(1)–(2). High-frequency litigants are also required to state: (1) whether the complaint is filed by, or on behalf of, a high-frequency litigant; (2) in the case of a high-frequency litigant who is a plaintiff, the number of complaints alleging construction-related accessibility claim filed by the high-frequency litigant during the twelve (12) months prior to filing the instant complaint; (3) the reason the individual was in the geographic area of the defendant's business; and (4) the reason why the individual desired to access the defendant's business. *See id.* § 425.50(a)(4)(A).

### C.     The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims

In response to the Court's Order to Show Cause, Plaintiff admits that he has filed more than ten (10) complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the instant complaint.

*See* Pl.'s Decl. ¶ 2, Dkt. No. 11-2.  Additionally, Plaintiff's counsel concedes that his law firm "likely" qualifies as a high-frequency litigant under California Code of Civil Procedure § 425.55(b)(2).  *See* Jason Kim's Decl. ¶ 2, Dkt. No. 11-1.

By enacting restrictions on the filing of construction-related accessibility claims, the California Legislature has expressed a desire to limit the financial burdens California's businesses may face from claims for statutory damages and attorney's fees under the Unruh Act and related state law claims brought by serial litigants.  *See Arroyo*, 19 F.4th at 1207, 1209.

By filing this action in federal court, Plaintiff has evaded these limits and claimed state law damages in a manner inconsistent with the state law's requirements.  Plaintiff would be obligated to pay the $1,000 high-frequency litigant fee in state court and would also be required to meet the heightened pleading standard and allege specific facts.  Here, the circumstances in this case are "exceptional" within the meaning of § 1367(c)(4).  *See id.* at 1212–14 (recognizing that Unruh Act plaintiff's evasion of procedural requirements established by the California Legislature poses an "extraordinary situation [that] threatens unusually significant damage to federal-state comity and presents 'exceptional circumstances' within the meaning of § 1367(c)(4)").

In addition, this case is in its early stages.  The Court finds that declining to exercise supplemental jurisdiction over Plaintiff's Unruh Act and other state law claims in these circumstances supports the *Gibbs* values of judicial economy, convenience, fairness, and comity, thereby providing "compelling reasons" for declining jurisdiction.  *See Vo v. Choi*, 49 F.4th 1167, 1171 (9th Cir. 2022) (affirming the district court's order declining supplemental jurisdiction).

Moreover, under § 1367(c)(2), a district court may dismiss state law claims without prejudice if the state law claims substantially predominate over a federal claim "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought."  *Gibbs*, 383 U.S. at 726.  Indeed, the Unruh Act entitles plaintiffs to a minimum award of $4,000 for each violation of the Act.  Cal. Civ. Code § 52(a).  The Court finds that Plaintiff's state law claims predominate over the federal law ADA claim.  Plaintiff seeks "all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts, according to proof," and as such, any potential monetary damages awarded predominate over the injunctive relief sought on the ADA claim.  Compl. at Prayer for Relief.

## II.    CONCLUSION

For the foregoing reasons, the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and other state law claims.  The Court therefore dismisses these claims without prejudice.

**IT IS SO ORDERED.**